THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                   No. Civ. 24-00647 JCH/JMR

**2022 Dodge Durango SRT 392**
*VIN: 1C4SDJGJ2NC190004***,**

      **Defendant,**

and

**MARY ARAGON,**
      **Claimant.**

### ORDER DISMISSING CLAIMANT ARAGON'S VERIFIED CLAIM

This matter is before the Court *sua sponte* after Claimant Mary Aragon, proceeding *pro se*, failed to respond to the Court's *Order to File Answer and to Show Cause and Notice of Potential Dismissal of Mary Aragon's Verified Claim Should She Fail to Follow this Order* (ECF No. 32). The Court, having considered the record and law, finds that Ms. Aragon has failed to prosecute her claim and failed to adhere to the orders of this Court and the federal rules of civil procedure. Accordingly, the Court dismisses her Verified Claim.

    **I.**    **PROCEDURAL HISTORY**

The United States brought this civil action *in rem* for forfeiture of the 2022 Dodge Durango SRT 392, VIN:1C4SDJGJ2NC190004 (hereinafter the "subject property") after it was seized by the Drug Enforcement Administration during the execution of a federal search warrant. (Verified Compl. 1-3, ECF No. 1.) On October 7, 2024, the United States mailed notice of the forfeiture

action and a copy of the verified complaint to Mary Aragon, among other potential claimants. (Notice, ECF No. 6.) On February 12, 2025, Mary Aragon filed a claim, stating that the subject property belongs to her, that she has full ownership of the vehicle, and she was merely letting her son borrow it to go to and from work. (Verified Claim, ECF No. 13.)

According to Rule G(5)(b), Ms. Aragon had to file an answer to the complaint within 21 days after filing the claim, which in this case was on or before March 5, 2025. *See* Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(5)(b). She failed, however, to timely file her answer. She did, however, participate in the preparation of the Joint Status Report, which the parties filed on March 17, 2025. (JSR, ECF No. 19.) On March 24, 2025, Ms. Aragon failed to appear for the Rule 16 Initial Scheduling Conference. (*See* Clerk's Minutes 1, ECF No. 20.) After the Court entered an *Order to Show Cause* (ECF No. 21) to explain her failure to appear, Ms. Aragon responded with evidence that she had been in the hospital, (*see* Resp., ECF No. 23). The Court subsequently quashed the show-cause order. (Order, ECF No. 28.)

The Court held the Rule 16 scheduling conference on April 10, 2025. (Clerk's Minutes, ECF No. 24.) Ms. Aragon appeared at this scheduling conference. (*Id.*) She still, however, had not filed an answer. The Court reminded her at the conference that she needed to file an answer and extended her deadline to do so until April 21, 2025. (*See id.* at 2; Order, ECF No. 26.) In the written Order extending the deadline to answer, the Court warned Ms. Aragon: "Failure to file her answer by the deadline could result in a recommendation that this case be dismissed." (Order, ECF No. 26.) Ms. Aragon once again failed to file her answer.

On May 8, 2025, Judge Rozzoni issued an *Order to Show Cause* "as to why this Court should not dismiss or strike her claim for failure to file an answer and failure to comply with Court orders." (Order 1-2, ECF No. 30.) The Court gave Ms. Aragon until May 30, 2025, to file a written

2

response to the order. (*Id.*) The deadline came and went without Ms. Aragon responding to the Order to Show Cause or filing an answer.

This Court on June 26, 2025, entered its *Order to File Answer and to Show Cause and Notice of Potential Dismissal of Mary Aragon's Verified Claim Should She Fail to Follow this Order* (ECF No. 32). The Court gave Ms. Aragon an additional 10 days from entry of the Order to file an answer and to file a separate written explanation for why she failed to respond to the *Order to Show Cause* (ECF No. 30). The Court warned Ms. Aragon: "**Failure to file a separate written response may result in the Court dismissing her claim to the subject property with no further notice for failure to follow Court orders.**" (*Id.*) Allowing for three days under the mailing rule, *see* Fed. R. Civ. P. 6(d), Ms. Aragon's response was due by July 9, 2025. To date, Ms. Aragon has failed to respond to the order or to file an answer.

## II. ANALYSIS

The Court has the inherent power to impose a variety of sanctions on litigants to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). The Court's authority includes the power to dismiss a case *sua sponte* for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also* Fed. R. Civ. P. 41(b) (permitting district court to dismiss a plaintiff's action for failure to prosecute or to comply with the rules of civil procedure or a court order); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Factors a court should consider when determining whether dismissal is an appropriate sanction under Rule 41(b) include the degree of actual prejudice to the other party; the amount of interference with the judicial process, the culpability of the litigant,

3

whether the court warned the party in advance that dismissal of the action would be a likely sanction, and the efficacy of lesser sanctions. *Olsen*, 333 F.3d at 1204.

Ms. Aragon has been warned repeatedly that she must file an answer to prosecute her claim. Her repeated failures to do so have violated the rules of civil procedure and multiple orders of this Court. She has additionally been warned repeatedly that the failure to answer or to respond to the Court's orders to show cause could result in dismissal of her claim. Ms. Aragon's failures to comply with the civil rules and court orders are interfering with the judicial process and delaying resolution of this case. Dismissal of Ms. Aragon's claim is the appropriate sanction.

**IT IS THEREFORE ORDERED** that Mary Aragon's *Verified Claim* to the subject property is **DISMISSED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE